United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40852
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JESUS SALVADOR GARCIA-SANCHEZ,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2320
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

      Jesus Salvador Garcia-Sanchez (Garcia) appeals his guilty-
plea conviction and 77-month sentence for unlawful reentry
following deportation in violation of 8 U.S.C. § 1326.  Garcia
first challenges the reasonableness of his sentence.  However,
his sole argument is that this court's jurisprudence applying a
presumption of reasonableness to a sentence falling within a
properly calculated guideline range is inconsistent with United
States v. Booker, 543 U.S. 220 (2005).  Garcia concedes that his

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument is foreclosed by circuit precedent, but he raises the issue here solely to preserve it for further review.

Garcia also argues that § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Garcia contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Garcia properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.